UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOWLER PACKING COMPANY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID M. LANIER, et al.,<br><br>Defendants. | No. 1:16-cv-00106-DAD-SAB<br><br><br>ORDER |

On January 22, 2016, plaintiffs Fowler Packing Company, Inc. ("Fowler") and Gerawan Farming, Inc. ("Gerawan") filed the complaint initiating this action for declaratory and injunctive relief. Specifically, plaintiffs challenge the constitutionality of subsections 226.2(g)(2) and (g)(5) of the California Labor Code, which became effective on January 1, 2016. In their prayer for relief, plaintiffs seek a court order declaring those subsections unconstitutional, severing those subsections from that statute, and enjoining the enforcement of those subsections. (Doc. No. 1 at 18.) In September 2017, the parties filed cross-motions for summary judgment. (Doc. Nos. 62, 64).

Unfortunately, for many reasons, the undersigned has been unable to issue an order ruling on those motions since their submission on November 21, 2017. (Doc. No. 76.) However, while the cross-motions for summary judgment have been pending, the challenged subsections have

been automatically repealed as provided by the statute.  (See Cal. Lab. Code § 226.2(k) (2015) ("This section shall remain in effect only until January 1, 2021, and as of that date is repealed.")).  Indeed, the challenged subsections of the statute are not present in the current version of § 226.2.  (See Cal. Lab. Code § 226.2(k) (effective January 1, 2021)).  Thus, it appears that plaintiffs' complaint in this action for declaratory and injunctive relief has been rendered moot.

In addition, the gravamen of plaintiffs' challenge is that those subsections created a targeted carve-out to preclude only Fowler and Gerawan from asserting § 226.2's safe-harbor affirmative defense in the two lawsuits that were pending against them at that time: *Amaro v. Gerawan Farming, Inc*., No. 1:14-cv-00147 (E.D. Cal.) and *Aldapa v. Fowler Packing Company, Inc*., No. 1:15-cv-00420 (E.D. Cal.).  Each of those lawsuits have since been resolved by way of settlement.  In *Amaro*, the court granted final approval of the parties' class action settlement and closed that case on October 13, 2020.  (*See Amaro*, Order, Doc. No. 123.)  In *Aldapa*, plaintiff filed a motion for preliminary approval of the parties' class action settlement on August 4, 2022, and that motion is now pending before District Judge Ana de Alba.  (*See Aldapa*, Motion, Doc. No. 278.)

In light of these changed circumstances, and given the fact that the parties in this action have not submitted any substantive filings in this case since April 16, 2019, the court finds it appropriate at this time to ascertain the parties' intentions with regard to this case.  To that end, the court hereby directs that, **within fourteen (14) days from the date of entry of this order**, the parties shall file a joint status report informing the court of their intentions and addressing the impact of the changed circumstances noted above on this case.  Alternatively, within the same time period, the parties may file a joint stipulation or request under Rule 41 to dismiss this action.

IT IS SO ORDERED.

Dated:  **October 19, 2022**              /s/ Dale A. Drozd
                              UNITED STATES DISTRICT JUDGE